NESBITT, Judge
(dissenting):
I respectfully dissent. In this type of case, the facts are vastly more important than the case decisions.
The majority affirms the directed verdict in favor of the purchaser, Seidler, because of their view that the broker did not demonstrate that he had any legally protectable interest as the procuring cause of the sale. In my view, the evidence presented irresistible inferences, which could only have been properly resolved by a jury, as to whether the parties conspired to deprive the plaintiff of a real estate brokerage commission.
It is clear to me that the broker found a lucrative property and, on two occasions, communicated the information about the property to Seidler’s business partner. Finally, he talked by telephone to Seidler, who expressed a great interest in the motel and requested more information. When the broker attempted to communicate that information, Seidler abruptly terminated further negotiations. Under these circumstances, the broker was excused from the doctrine of continuous negotiations.
Because Seidler had expressed great interest in the property and ultimately became the purchaser through another real estate broker (for whom Seidler’s daughter was a salesman), a jury could well infer that after Seidler had extracted the broker’s time, effort, and information, he decided to steer the transaction away from him. Consequently, I would find that the *1052 plaintiff has been denied his right to have these questions resolved by a jury.
I dissent.